UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELVIN WELLS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **DEPARTMENT OF SOCIAL SERVICES, STATE OF LOUISIANA, ET AL** | **NO. 09-469-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS, ET AL**                                                       **CIVIL ACTION**

**VERSUS**

**DEPARTMENT OF SOCIAL
SERVICES, STATE OF                                                            NO. 09-469-C-M2
LOUISIANA, ET AL**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Complaint (R. Doc. 1) filed in the above-captioned matter on July 20, 2009.  In the complaint, plaintiffs, Kelvin Wells, Kelda Price Wells, and Patrick Price (collectively "plaintiffs"), assert violations of their 14th Amendment rights to due process and equal protection as well as violations of the Civil Rights Act of 1964 and the Freedom of Information Act ("FOIA").  Specifically, they contend that they made complaints to "social services daycare licensing, child protection, and the Secretary of Social Services' Office pertaining to the neglect and abuse of their son, Patrick Price, on April 29, 2009."  They allege that the respondents never "came out to investigate the matter," "did not contact complainants even after [the] Attorney General's Office got involved," and have not answered or produced "investigation results requested through FOIA."  Plaintiffs further contend that Social Services also "took more than [$]7000.00 from Kelvin Wells (support enforcement) even though Wells is disabled and will not return those funds even though the case is dismissed.  Finally, plaintiffs contend that Social Services still has Kevin Wells listed on its website as owing $20,000 even though the case is dismissed.  They contend that "all this [is] in retaliation to previous lawsuits in state and federal court and because of complaints of racism, bias and prejudice."  In their prayer for

1

relief, the plaintiffs seek to have the Court:  (1) order Social Services to pay damages for their pain and suffering and for violations of the Civil Rights laws and the 14th Amendment; (2) order the U.S. Attorney General's Office to investigate the actions of Social Services based on race; and (3) order defendants to pay punitive damages.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra.*  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The present suit should be dismissed for failing to state a claim upon which relief may be granted.  First, it appears that plaintiffs are seeking investigative records from the Louisiana Department of Social Services pursuant to the federal FOIA.  That Act is inapplicable to agencies or departments of a State and only applies to agencies and departments of the Government of the United States.  *Taylor v. South Carolina Dept. of Social Services*, 2009 WL 750413 (D.S.C. 2009); *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2nd Cir. 1999)("[I]t is beyond question that [the] FOIA applies

2

only to federal and not to state agencies"). Additionally, although plaintiffs do not specify in their complaint the precise capacity of defendant, Kristy Nichol ("Ms. Nichol"), and simply indicate that she works for the Department of Social Services in Baton Rouge, Louisiana, it is also well-established that FOIA actions are authorized to be brought only against federal executive branch agencies; thus, even if Ms. Nichol worked for a federal agency, which it appears she does not, the plaintiffs' FOIA claim against her as an individual would be subject to dismissal for failure to state a claim. *Lewis v. F.B.I.*, 2006 WL 1663402 (D.D.C. 2006). Furthermore, any claims for monetary damages under the FOIA should also be dismissed as such remedy is not available under that Act.[1]

The Court further finds that plaintiffs' other claims for monetary damages under the 14th Amendment and the Civil Rights Act should be dismissed because the Louisiana Department of Social Services and the individual state defendant, Ms. Nichol, sued in their official capacities, are state actors for purposes of Eleventh Amendment immunity. *Wittman v. Saenz*, 2004 WL 1987357 (9th Cir. 2004)(The plaintiff's claims for damages against the California Department of Social Services, the Superior Court of California, and the individual state defendants, acting in their official capacities, were held barred by the Eleventh Amendment).

Finally, the Court finds that plaintiffs' request to have this Court compel the U.S. Attorney's Office to investigate the actions of the Louisiana Social Services Department should be dismissed. While a federal district court has original jurisdiction over a

---

[1] The FOIA does not provide for a monetary damage remedy and instead only allows plaintiffs the potential for injunctive relief, *i.e.*, either to enjoin the withholding of documents or to compel production of agency records. *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771 (C.A.D.C. 2002); *Thompson v. Walbran*, 990 F.2d 403 (8th Cir. 1993); *Daniels v. St. Louis VA Regional Office*, 561 F.Supp. 250, 251 (E.D.Mo. 1983)(no private right of action for money damages under FOIA); *Johnson v. Comm'r of Internal Revenue*, 239 F.Supp.2d 1125, 1138 (W.D.Wash. 2002).

mandamus action "to compel an officer or employee of the United States or an agency thereof to perform a duty owed to [a] plaintiff," it cannot use the writ of mandamus to control prosecutorial discretion.  *Thibeaux v. U.S. Atty. Gen.*, 2008 WL 1891474 (11th Cir. 2008), citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987).  The decision to investigate and prosecute cases is entrusted to the executive branch, and federal district courts lack the jurisdiction to compel a U.S. Attorney to investigate, arrest, or prosecute state officers for alleged violations of the law.  *Thibeaux*, at 892, citing *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000); U.S. Const., art. II, §3; *Compton v. Downer*, 2005 WL 3071581 (D. Or. 2005).[2]  Accordingly, all of the plaintiffs' claims alleged herein should be dismissed for failure to state a claim.

## RECOMMENDATION

For the above reasons, it is recommended that the above-captioned matter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] *See also, Rochester v. Thurmond*, 2004 WL 3712030 (D.S.C. 2003)(Petitioner requested as relief compulsory investigations by the Office of the U.S. Attorney for the District of South Carolina.  The court held that petitioner had no right to have the Office of the U.S. Attorney investigate any of the allegations in his petition.  First, "[n]o citizen has an enforceable right to institute a criminal prosecution."  Furthermore, prosecutorial discretion does not reside in the judicial branch; the decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion.  It follows that any investigation leading up to the decision whether to prosecute is within the prosecutor's discretion.  The court held that, not only did the petitioner lack any right to require investigations by the Office of the U.S. Attorney, that office also owed no duty to the petitioner, which the petitioner could enforce through a writ of mandamus).

4